UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TOMMY CHANCI CASTLE, SR. and 4
CASTLE'S INC.,

    Plaintiffs,

v.	Case No:   6:18-cv-1448-Orl-40TBS

DONALD JOHN TRUMP, MIKE PENCE,
JEFF SESSIONS, CARLOS E.
MENDOZA and GREGORY J. KELLY,

    Defendants.

## REPORT AND RECOMMENDATION

This matter comes before the Court *sua sponte*. On September 5, 2018, Plaintiff[1] commenced this case by filing a nonsensical complaint against President Donald J. Trump; Vice-President Mike Pence; Attorney General Jeff Sessions; United States District Judge Carlos E. Mendoza; and United States Magistrate Judge Gregory J. Kelly (Doc. 1). Plaintiff is clearly unhappy with events in Case Number 6:18-cv-243 (the "Underlying Case") and this lawsuit appears, at least in part, to be a collateral attack on the judges assigned to the Underlying Case. But, the factual and legal grounds for Plaintiff's claims of discrimination and financial loss are unintelligible.

Plaintiff and his corporation filed the Underlying Case[2] against The State of Florida, Governor Rick Scott, and the Internal Revenue Service. Plaintiff sought damages

---

[1] The Court only references one Plaintiff because Mr. Castle has been previously advised that he may not legally represent the interest of his corporation, 4 Castle, Inc. See (Underlying Case, Doc. 4 at 2-3; Doc. 5 at 4 n. 3; Doc. 16 at 2)

[2] Before he filed the Underlying Case, Plaintiff sought relief in the Eighteenth Judicial Circuit in and for Seminole County, Florida (08-CA-1618-09-K; 07-CA-3119-16-L and 2008-mm-007221-A) and in the

exceeding $75,000 for alleged mishandling of a criminal case in which Plaintiff was the defendant, and defamation (Underlying Case, Doc. 1, 2-7). He also asked the Court to enter an order of protection against some unknown person (Id. at 8-9).

United States Magistrate Judge Gregory J. Kelly struck the complaint due to Plaintiff's failure to pay the filing fee (Underlying Case, Doc. 4). Judge Kelly also entered a report in which he recommended that Plaintiff's motions for default judgment and summary judgment be denied (Underlying Case, Doc. 5). That report and recommendations was later adopted and confirmed by United States District Judge Carlos E. Mendoza (Underlying Case, Doc. 10). Plaintiff renewed his motion for default judgment (Underlying Case, Doc. 15) and again, Judge Kelly recommended denial (Underlying Case, Doc. 16). On September 5, 2018, Plaintiff contemporaneously objected to Judge Kelly's report and recommendation (Underlying Case, Doc, 17) and filed this case (Doc. 1). Plaintiff has paid the filing fee for this action in which he sues the judges who made rulings and recommendations in the Underlying Case and other government officials who have nothing to do with the Underlying Case.

Plaintiff's complaint fails to satisfy the basic pleading standards articulated in the Federal Rules of Civil Procedure. To state a claim, a plaintiff must provide a short and plain statement of the basis of the Court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief. FED. R. CIV. P. 8(a). The plaintiff must allege the claim in a legible manner with numbered paragraphs, incorporating by reference other parts of the pleading for clarity. FED. R. CIV. P. 10. Relevant facts should be segregated to each of their respective claims. See Beckwith v. Bellsouth Telecoms, Inc., 146 F. App'x. 368, 372 (11th

---

Ninth Judicial Circuit in and for Orange County, Florida (08-CA-3687-39).

Cir. 2005). Although district courts apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even pro se litigants must allege the essential elements of their claims for relief. See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted). Plaintiff has failed to satisfy the minimal pleading standards applicable in this case. And, I find that giving him an opportunity to amend would be pointless. Plaintiff has not alleged facts to suggest that if given another chance, he will be able to state a cause of action against any Defendant so, allowing him the opportunity to replead will unnecessarily waste scarce judicial resources.

Additionally, to the extent Plaintiff is dissatisfied with the Court's handling of the Underlying Case, he has remedies, including under FED. R. CIV. P. 60 or appealing, if, and when appropriate, to the Eleventh Circuit Court of Appeals. The Underlying Case has not yet been fully resolved, but this collateral attack on the judges along with government officials[3] who have nothing to do with the Underlying Case is improper.

Upon consideration of the foregoing, I **respectfully recommend** that this case be **DISMISSED** without leave to amend.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual

---

[3] Plaintiff's lawsuit is also barred by various immunity doctrines that protect Defendants from being subjected to litigation of this kind. Bolin v. Story, 225 F. 3d 1234 (11th Cir. 2000) (judicial immunity); Hilario v. Marianna, 561 F. App'x 821, 823 (11th Cir. 2014 (qualified immunity); Stewart v. Campbell, Civil Action No, 2:07cv357-MHT, 2007 WL 1655970, at * 1 (M.D. Ala. June 7, 2007) (presidential immunity) (citing Forrester v. White, 484 U.S. 219, 225 (1988) and Nixon v. Fitzgerald, 457 U.S. 731, 756-58 (1982)). However, I find it unnecessary to expend judicial resources to analyze these immunity issues since this frivolous lawsuit should be dismissed on other grounds.

finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on September 24, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Pro se Plaintiff
Any Counsel of Record